UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LOIS I. BERG** and **ROBERT D. BERG**, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| **McCALLA RAYMER LEIBERT PIERCE, LLC**, | ) ) ) |
| Defendant. | ) ) |

Case No. 19-5113

**Jury Trial Demanded**

## COMPLAINT

Plaintiffs, Lois I. Berg and Robert D. Berg (the "Bergs"), by and through their undersigned attorneys, for their complaint against Defendant McCalla Raymer Leibert Pierce, LLC ("MRLP"), state and allege:

### NATURE OF THE ACTION

1. MRLP violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), when it filed and prosecuted a foreclosure action against the Bergs and their property to collect a debt not owed by the Bergs and for which the Bergs' property interest had not been mortgaged.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with attempts to collect a debt. The FDCPA further requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1692e.

## PARTIES, JURISDICTION AND VENUE

3. The Bergs own the home located at 78 Caribou Crossing, Northbrook Illinois 60062 (the "Home") as joint tenants with their daughter, Lauren Berg ("Lauren").

4. The Berg's are each an individual who resides in the Home as their primary residence.

5. Jurisdiction is proper in this Court under 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper under 28 U.S.C. § 1391(b)(2) because MRLP conducts business in this District and because MRLP's collection communications and practices giving rise to the claims occurred within this District.

7. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims asserted herein occurred, or a substantial part of property that is the subject of the action, is in this District.

8. The Bergs are each a "consumer" as defined in 15 U.S.C. § 1692a(3) in that each is a natural person who MRLP sought to collect a debt allegedly incurred for personal, family, or household purposes. Here the debt was alleged to have been a note secured by a mortgage and the purpose was to refinance prior debt on a residence.

9. MRLP is an Illinois limited liability company whose members are engaged in the practice of law in Illinois.

10. MRLP is a "debt collector" as defined by the FDCA, 15 U.S.C. §1692(a)(6) because it regularly collects debts owed to others. MRLP is engaged in the business of collecting debts on behalf of others.

11. MLRP regularly uses the mail to collect debts.

## ADDITIONAL FACTS

12. On April 7, 2004, Lauren borrowed money and executed a note payable to IndyMac Bank, F.S.B. in the amount of $220,000 (the "Note"). To secure payment of the Note, Lauren granted a contemporaneous mortgage lien on her interest in the Home (the "Mortgage"). A copy of the Note is attached as *Exhibit 1* and a copy of the Mortgage is attached as *Exhibit 2*. Both are collectively referred to herein as the "Loan."

13. The Loan was for personal, family and household purposes, the refinance of mortgage loan debt on the Home owned jointly with her parents which was used as a residence.. Pursuant to the FDCPA, a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

14. The Loan is now owned by Deutsche Bank National Trust Company, as trustee for Residential Asset Securitization Trust 2004-IP2, Mortgage Pass-Through Certificates Series 2004-IP2 ("Deutsche Bank").

15. The Bergs are not parties to the Loan and did not borrow money or execute the Note and Mortgage. Their interest in the Home is not properly subject to any claim by MRLP's client Deutsche Bank.

16. MRLP has at all times relevant acted as the agent for Deutsche Bank with respect to collection of the Loan.

17. In an attempt to collect the Loan, on November 5, 2018, MRLP filed a Complaint to Foreclose Mortgage ("Foreclosure Complaint") in the Circuit Court of Cook County, Illinois. A copy of the Foreclosure Complaint is attached as *Exhibit 3.*

18. In the Foreclosure Complaint, MRLP names, among others, Lauren and the Bergs as defendants and seeks to sell the Home at public sale to pay the Loan. The Foreclosure Complaint seeks a judgment of foreclosure and sale, a judgment for attorney's fees, costs and expenses, possession of the Home, and the option for appointment of a receiver.

19. MRLP caused the Foreclosure Complaint to be served on the Bergs.

20. During the course of the foreclosure, MRLP filed a motion for default, attached *Exhibit 4*, and a motion for judgment for foreclosure and sale, attached as *Exhibit 5*. MRLP also filed motions to appoint a selling officer and a motion for attorney's fees it claimed due, attached as *Exhibits 6* and *Exhibit 7.*

21. On February 21, 2019, the circuit court judge entered a judgment for foreclosure and sale against the Bergs, based upon the representations and pleadings of MRLP. A copy of the judgment is attached as *Exhibit 8*.

22. In order to protect their interest in the Home and to defend the false allegations made by MRLP, the Bergs were forced to retain counsel to appear in the foreclosure case and to represent their interest. Counsel for the Bergs expended substantial time and was ultimately successful in having the judgment entered on February 21, 2019 vacated. The foreclosure case remains pending.

23. The Bergs have incurred legal fees and costs of $2,500, to date, for the work required of counsel in the foreclosure case.

24. The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. That includes the "false representation of . . . the character, amount, or legal status of any debt." *Id.* § 1692e(2)(A).

25. In the Foreclosure Complaint and in the motion for entry of a judgment of foreclosure, MRLP made multiple false statements or misrepresentations. In particular, the Foreclosure Complaint falsely claimed that the Bergs' Home was subject to a judgment of foreclosure and sale, a judgment for attorney's fees, costs and expenses, and that possession of the Home and the appointment of a receiver, could be sought. Moreover, the "deemed allegations" found in 735 ILCS 5/15-1504(c)(7), (c)(12) and (e)(6) were also false and sought legally unobtainable relief.

26. In its motion for judgment for foreclosure and sale, **Exhibit 5**, MRLP falsely represented and alleged "[t]hat the rights and interests of all Defendants in the subject property are inferior to the lien of the Plaintiff."

27. Because the FDCPA prohibits debt collectors from misrepresenting the legal status of a debt and from seeking to collect amounts not permitted by law, courts have held that a debt collector violates the Act when it sues a consumer for legally unattainable relief.

28. Entry of a judgment of foreclosure and sale, entry of a judgment for attorney's fees, costs and expenses, possession and the appointment of a receiver were all legally unattainable relief because the Bergs had no obligations to anyone pursuant to the Note or any other document and the Mortgage did not grant Deutsche Bank or anyone else a lien on the Bergs' interest in the Home.

29. The filing of a legally defective debt collection suit can violate § 1692e where the filing falsely implies that the debt collector has legal recourse to collect the debt.

30. MRLP violated Section 1692f(1), which prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

31. The Loan did not authorize MRLP to collect any amount from the Bergs.

## **DAMAGES**

32. The Bergs have expended considerable time and incurred costs consulting with their attorney as a result of MRLP's unlawful collection actions.

33. The Bergs have incurred legal fees and costs of $2,500 to represent them in the foreclosure case. Additionally, the Bergs have incurred and continue to incur legal fees and expenses to bring this case.

34. The foreclosure case filed against the Bergs is a public record which can never be removed. Having a foreclosure filed and pending has had and continues to have a severe, detrimental impact on the Bergs causing them embarrassment, fear and extreme stress. Additionally, the existence of such a public record will have a negative impact on the Bergs' ability to obtain credit for years to come and may impact the cost of credit as well as the cost of insurance.

35. The Bergs were each unduly inconvenienced and harassed by MRLP's unlawful attempts to collect a debt which it was not entitled to collect from them

36. The Bergs suffered emotional distress by MRLP's conduct.

37. Pursuant to 15 U.S.C. § 1692k, the Bergs are each entitled to actual damages, statutory damages, attorneys' fees and costs.

**WHEREFORE**, the Plaintiffs respectfully request that this Honorable Court enter judgment in their favor and against Defendant, as follows:

a. Declaring that the conduct of MRLP as alleged herein is unlawful and violates the FDCPA, 15 U.S.C. § 1692e and § 1692f;

b. Awarding each Plaintiff statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding each Plaintiff actual damages, in an amount to be proven up at a later date, pursuant to 15 U.S.C. § 1692k(a)(1);

d. Awarding each Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury.

*Respectfully submitted,*

**LOIS I. BERG**
**ROBERT D. BERG**

By: /s/ *Rusty Payton*
Rusty Payton

Rusty A. Payton
Payton Legal Group
20 North Clark Street
Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal

Arthur C. Czaja
7521 N. Milwaukee Ave.
Niles, Illinois 60714
(847) 647-2106
arthur@czajalawoffices.com