# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LOIS I. BERG and ROBERT D. BERG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 19 C 5113 |
| v. | ) | |
| | ) | |
| MCCALLA RAYMER LEIBERT PIERCE, LLC | ) | Judge Thomas M. Durkin |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Lois I. Berg and Robert D. Berg (the "Bergs") bring this action against McCalla Raymer Leibert Pierce, LLC ("MRLP") under the Fair Debt Collection and Practices Act, 15 U.S.C. § 1692, *et seq* ("FDCPA"). MRLP moved to dismiss for failure to state a claim. R. 7. For the reasons that follow, MRLP's motion is denied.

## Standard

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

**Background**

This case involves a state court foreclosure action filed by MRLP related to a residence in Northbrook, Illinois (the "Property"). According to the complaint, the Property is inhabited by the Bergs and owned by the Bergs and their daughter Lauren Berg ("Lauren") as joint tenants. R. 1 ¶¶ 3, 4, 13. On April 7, 2004, Lauren—who is not a party to this lawsuit—borrowed money in order to refinance mortgage loan debt on the Property. She executed a promissory note in the amount of $220,000 that same day (the "Note"). *Id.* ¶¶ 12-13 and Ex. 1. To secure payment of the Note, Lauren granted a contemporaneous mortgage lien on her interest in the Property (such mortgage lien, the "Mortgage," and the Note and Mortgage together, the "Loan"). *Id.* ¶ 12 and Ex. 2. The Bergs are not parties to the Loan and did not borrow money or execute the Note or Mortgage. *Id.* ¶ 15; *see also id.*, Exs. 1 and 2. The Loan is now owned by Deutsche Bank National Trust Company, as trustee for Residential

Asset Securitization Trust 2004-IP2, Mortgage Pass-Through Certificate Series 2004-IP2 ("Deutsche Bank"). *Id.* ¶ 14.

Lauren failed to make payments on the Loan, and on November 5, 2018, MRLP filed a complaint to foreclose mortgage in state court, attempting to collect on the Loan on behalf of and as attorneys for Deutsche Bank (such action, the "Foreclosure Action," and such complaint, the "Foreclosure Complaint"). *Id.* ¶ 17 and Ex. 3. The Foreclosure Complaint names Lauren and the Bergs (among others) as defendants, but lists only Lauren as a person "claimed to be personally liable for deficiency unless personal liability is discharged in a Bankruptcy proceeding or otherwise released." *Id.* at Ex. 3 ¶ 3(o). And it seeks to sell the Property at public sale in order to pay the Loan, a judgment of foreclosure and sale of the Property, and a judgment for attorney's fees, costs and expenses. *Id.* ¶ 18 and Ex. 3. The Foreclosure Complaint also seeks possession of the Property and the option to appoint a receiver. *Id.* During the foreclosure proceedings, MRLP moved for default and for judgment for foreclosure and sale. *Id.* ¶ 20 and Exs. 4 and 5. MRLP also moved to appoint a selling officer and for attorneys fees. *Id.* ¶ 20 and Exs. 6 and 7. In moving for judgment for foreclosure and sale, MRLP represented "[t]hat the rights and interests of all Defendants in the subject property are inferior to the lien of the Plaintiff." *Id.* ¶ 26.

On February 21, 2019, the state court entered a judgment for foreclosure and sale on the Property. *Id.* ¶ 21 and Ex. 8. The Bergs retained counsel to represent their interests in the Foreclosure Action. *Id.* ¶ 22. Ultimately, counsel was successful in having the judgment against the Bergs vacated. But the Foreclosure Action remains

pending and the Bergs have incurred legal fees and costs of $2,500 for the work associated with it. *Id.* ¶¶ 22-23.

The Bergs allege that MRLP's actions in filing and prosecuting the Foreclosure Action violate the FDCPA because: (1) the Foreclosure Action "falsely implies that [MRLP] has legal recourse to collect the debt" in that none of the judgment of foreclosure and sale, entry of a judgment for attorney's fees, costs and expenses, possession and appointment of a receiver were legally attainable since the Bergs were not obligated on the Note and nor was their interest in the Property subject to any lien (including the Mortgage), *id.* ¶¶ 28-29; and (2) the Loan does not authorize MRLP to collect or attempt to collect from the Bergs, *id.* ¶ 29. In other words, the Bergs allege that the filings in the Foreclosure Action violate the FDCPA because only Lauren's interest in the Property is at issue per the Loan.[1] MRLP moved to dismiss the complaint for failure to state a claim. R. 7.

## Analysis

The FDCPA prohibits abusive, deceptive, or unfair debt collection practices. 15 U.S.C. § 1692 *et seq.* To state a claim under the FDCPA, a plaintiff generally must allege that: (1) he is a "consumer" within the meaning of the FDCPA; (2) the "debt" at issue arises out of a transaction entered into primarily for personal, family or household purposes; (3) the defendant collecting or attempting to collect the debt is a "debt collector" within the meaning of the FDCPA; and (4) the defendant violated, by

---

[1] Under Illinois law, a joint tenant may mortgage his interest in property without the consent or knowledge of any other joint tenant, and without severing the joint tenancy. *Harms v. Sprague*, 473 N.E.2d 930, 933-34 (Ill. 1984).

act or omission, one of the FDCPA's provisions. *Heintz v. Jenkins*, 514 U.S. 291, 293 (1995); *Loja v. Main Street Acquisition Corp.*, 906 F.3d 680, 683 (7th Cir. 2018). Here, the Bergs invoke Sections 1692e and 1692e(2)(A), which together bar debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" with regard to the debt's "character, amount, or legal status." 15 U.S.C. § 1692e, e(2)(A). The Bergs also contend that MRLP violated Sections 1692f and 1692f(1), which prohibit the collection of or attempt to collect any amount in connection with a debt that is not "expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f, f(1).

MRLP argues that dismissal is proper because: (1) the Bergs are not "consumers" within the meaning of the FDCPA; and (2) the court filings in the Foreclosure Action are not actionable under the FDCPA.[2] R. 8; R. 15. The Court addresses each argument in turn.

---

[2] MRLP does not argue that it is not a debt collector within the meaning of the FDCPA. The Court notes that in *Heintz v. Jenkins*, 514 U.S. 291 (1995), the United States Supreme Court held that the FDCPA applies to attorneys who " 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." 514 U.S. at 299. And while the Supreme Court recently held in *Obduskey v. McCarthy & Holthus, LLP*, 139 S. Ct. 1029 (2019) that businesses (including law firms) engaged in no more than *non*judicial foreclosure proceedings are not "debt collectors" under the FDCPA except for the limited purpose of 15 U.S.C. § 1692f(6), that holding expressly did not affect cases involving judicial foreclosure proceedings as here. *See Obduskey*, 139 S. Ct. at 1039 ("whether those who judicially enforce mortgages fall within the scope of the primary definition is a question we can leave for another day.").

5

## I. Whether the Bergs are "Consumers"

MRLP first contends that the Bergs cannot bring this suit because neither was a party to the Note or Mortgage at issue in the Foreclosure Action, and thus neither is a "consumer" within the meaning of the statute. But not all of the FDCPA's sections require plaintiffs to be "consumers." *See, e.g.*, *Todd v. Collecto, Inc.*, 731 F.3d 734, 737-38 (7th Cir. 2013) ("each provision of the FDCPA must be analyzed individually to determine who falls within the scope of its protection"). And neither of Section 1692e or Section 1692f's protections are so limited. *See O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941, 943 (7th Cir. 2011) (Section 1692e also protects "those who have a special relationship with the consumer"); *Todd*, 731 F.3d at 738 ("*anyone* aggrieved by a debt collector's unfair and unconscionable collection practices can fall within [Section 1692f's] zone of interest" (emphasis added)). However, the Court need not define the parameters of Sections 1692e and 1692f because the Bergs are "consumers" under the FDCPA so long as MRLP alleged through the Foreclosure Action that they are obligated to pay a debt, even if they are not actually obligated to do so. *See* 15 U.S.C. § 1692a(3) (defining "consumer" as "any natural person obligated *or allegedly obligated to pay* any debt" (emphasis added)); *see also Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 538 (7th Cir. 2003) (stating that "consumer" "extends the reach of the [FDCPA] to collection activities without regard to whether the debt sought to be collected is actually owed").

To that end, MRLP also argues that the Bergs' claims fail because the complaint does not point to anything that MRLP alleged in the Foreclosure Action

6

that they (as opposed to Lauren) owe. MRLP contends that the Bergs' presence as defendants in the Foreclosure Action does not by itself establish that MRLP alleged that they owed any obligation. And this is correct; in Illinois, a person may be named a party to a foreclosure action solely because they reside on the property at issue. *See* 735 ILCS 5/15-1501(b)(1) (Illinois Mortgage Foreclosure Law stating that "persons having a possessory interest in the mortgaged real estate" are "permissible parties" in a foreclosure proceeding). MRLP also points out that the Foreclosure Complaint specifically states that only Lauren may be personally liable for any deficiency. This is also true, but not dispositive, because the Foreclosure Action seeks foreclosure on property jointly owned by the Bergs and Lauren, implying that such relief is legally obtainable (affecting the Bergs' interests) when it is not. That is, at least if the Bergs and Lauren are joint tenants in the Property as alleged, but only Lauren is named on the Loan.[3]

To get around this, MRLP claims that despite the allegations of joint tenancy, in actuality, the Bergs transferred their interests in the Property to Lauren through a quit claim deed executed the same day as the Note and Mortgage, and therefore that Lauren is and was the sole owner of the Property at all relevant times. But MRLP did not raise this issue until its reply brief and admits that the quit claim deed may not have been effective. The question of the Bergs' ownership interests is more properly resolved at summary judgment. Accepting as true all well-pleaded facts and

---

[3] As discussed *infra*, that the relief requested is a foreclosure and sale instead of a pure monetary collection is of no moment to the Court's analysis.

drawing all reasonable inferences in favor of the Bergs, the Court concludes that the Bergs have plausibly alleged that they are "consumers" within the meaning of the FDCPA.

## II. Whether the Foreclosure Action Filings are Actionable

Alternatively, MRLP contends that dismissal is proper because *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938 (7th Cir. 2011) established that the FDCPA does not extend to state court filings. But contrary to MRLP's representation, the court in *O'Rourke* expressly stated that "nothing in the opinion states or should be read to address whether the [FDCPA] applies to the entire judicial process." *O'Rourke*, 635 F.3d at 941, n.1. Instead, *O'Rourke* merely held that filings meant to deceive judges do not warrant protection because the FDCPA's "prohibitions are clearly limited to communications directed to the consumer and do not apply to state judges." *Id.* at 941. Moreover, the Seventh Circuit held more recently in *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808 (7th Cir. 2016) that the FDCPA *can* regulate state court pleadings and filings—at least for purposes of Section 1692e. *See Marquez*, 836 F.3d at 810 (agreeing with the "[n]umerous circuits" that have already "concluded that pleadings or filings in court can fall within the FDCPA").

Whether a Section 1692f violation may be premised upon a state court filing is less clear. The Seventh Circuit observed in *Bentrud v. Bowman, Heintz Boscia & Vician, P.C.*, 794 F.3d 871 (7th Cir. 2015) and *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 7007) that Section 1692f(6), which prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession or

8

disablement of property" under certain circumstances, suggests that no portion of Section 1692f is applicable to state judicial proceedings. *See Bentrud*, 794 F.3d at 874-75 (noting that the phrase "nonjudicial action" "implies that state judicial proceedings are outside the scope of § 1692f."); *see also Beler*, 480 F.3d at 475 ("The implication [of § 1692f(6)] is that state judicial proceedings are outside the scope of § 1692f."). But neither case squarely held that state judicial proceedings are outside the scope of Section 1692f. Accordingly, this Court declines to conclude as a matter of law that Section 1692f can never apply to conduct during state judicial proceedings. *See Eul v. Transworld Sys.*, 2017 WL 1178537, at *15 (N.D. Ill. Mar. 30, 2017) ("this Court cannot conclude as a matter of law that alleged misconduct during state judicial proceedings is never actionable under § 1692f"). And because the Court concludes that Section 1692e can support a claim based on the same state court filings, it need not do so here. Thus, dismissal is not proper solely because the complaint concerns the content of state court filings.

Nor does the Court find that the Bergs' claims are barred because the filings at issue concern a judicial mortgage foreclosure, and thus a secured debt. The Seventh Circuit has yet to address the issue, but the Court is persuaded by the other courts in this District and those courts of appeals that have held that judicial mortgage foreclosure proceedings constitute "debt collection" regulated by the FDCPA.[4] *See,*

---

[4] Although *Obduskey* abrogated the decisions of the courts of appeals cited here to the extent that they concerned nonjudicial foreclosure, as noted, it expressly did not impact cases involving judicial foreclosure. *See Obduskey*, 139 S. Ct. at 1039 ("whether those who judicially enforce mortgages fall within the scope of the primary definition [of "debt collector"] is a question we can leave for another day"). And MRLP,

9

*e.g.*, *Kabir v. Freedman Anselmo Lindberg LLC*, 2015 WL 4730053, at *3 (N.D. Ill. Aug. 10, 2015) ("a foreclosure action qualifies as debt collection"); *see also Khan v. OneWest Bank, F.S.B.*, 2017 WL 1344535, at *7 (N.D. Ill. Apr. 12, 2017) ("mortgage foreclosure can be debt collection"); *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461-63 (6th Cir. 2013) (same); *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 179 (3d Cir. 2015) (same); *Wilson v. Draper &* Goldberg, P.L.L.C, 443 F.3d 373, 376 (4th Cir. 2006) (initiation of foreclosure proceedings was an attempt to collect "debt" under the FDCPA). The Seventh Circuit has made clear that "an explicit demand for payment" is not required for an activity to have been taken "in connection with the collection of any debt." *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 385 (7th Cir. 2010). And a broader reading makes sense in this context, because "[t]here can be no serious doubt that the ultimate purpose of foreclosure is the payment of money." *Glazer*, 704 F.3d at 463. "*[E]very* mortgage foreclosure . . . is undertaken for the very purpose of obtaining payment on the underlying debt, either by persuasion (*i.e.*, forcing a settlement) or compulsion (*i.e.*, obtaining a judgment of foreclosure, selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt.)." *Id.* at 461. Absent controlling authority to the contrary, this Court concludes that a judicial foreclosure action qualifies as debt collection under the FDCPA. To find otherwise " 'would create an enormous loophole in the [FDCPA] immunizing any debt from coverage if that debt happened to be secured by a real property interest"—

---

having failed to argue *Obduskey*'s potential impact here, has waived the issue for purposes of this motion.

10

a result which Congress surely did not intend. *Kabir*, 2015 WL 4730053, at *3 (quoting *Wilson*, 443 F.3d at 376); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1213 (11th Cir. 2012) (holding otherwise would create a loophole, the practical result being that the FDCPA "would apply only to efforts to collect unsecured," and "[t]hat can't be right").

## Conclusion

In sum, the complaint sufficiently alleges that through the Foreclosure Action, MRLP "falsely represent[ed]" the "legal status" of the debt and attempted to collect an amount not "expressly authorized" by the Loan in violation of Sections 1692e(2)(6) and f(1). Such actions may have served to induce an unsophisticated, but reasonable consumer to pay off the Note in order to reclaim the property where there was no obligation to do so, and it is of no moment that it did not induce the Bergs to do so here. *Osborn v. J.R.S.-1, Inc.*, 949 F. Supp. 2d 807, 812 (N.D. Ill. 2013) ("[I]t is irrelevant that [plaintiff] apparently knew that she was not liable for the [debt], as the ultimate question is whether 'the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer.' " (quoting *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003))).[5] This is enough to survive MRLP's motion, which is denied. R. 7.

---

[5] MRLP makes much of the fact that the court in *Webb v. Law Office of Ira T. Nevel, LLC*, 2016 WL 946962 (N.D. Ill. Mar. 14, 2016) held that the plaintiff was not a "consumer" in part because the plaintiff acknowledged that she was not personally liable on the promissory note giving rise to the debt at issue. But the court's analysis on this point concerned a different section of the FDCPA (that is, Section 1692g), did not take into account the "unsophisticated consumer" standard outlined here, and is not binding on this Court in any case.

ENTERED:

*Thomas M Durkin*
_____

Honorable Thomas M. Durkin
United States District Judge

Dated: October 30, 2019